UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

TRUSTEES OF INTERNATIONAL UNION
OF PAINTERS AND ALLIED TRADES
DISTRICT COUNCIL 711 HEALTH &
WELFARE FUND, et al.,

                    Plaintiffs,

        v.

BRAVE INDUSTRIAL PAINT LLC a/k/a
BRAVE INDUSTRIAL PAINTING, LLC,

                    Defendant.

Civil Action No. 22-5477 (MAS) (RLS)


**MEMORANDUM OPINION
AND ORDER**

**SINGH, United States Magistrate Judge.**

Presently before the Court is the Motion of Plaintiffs International Union of Painters and Allied Trades District Council 711 (the "Union") and Trustees of the International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund and Painters District Council 711 Finishing Trades Institute (the "Funds") (collectively, "Plaintiffs"), seeking Leave to File an Amended Complaint (the "Motion"). (Dkt. No. 15). Defendant Brave Industrial Paint, LLC ("Defendant") opposes the Motion, to which Plaintiffs have replied. (Dkt. Nos. 19, 20). The Court has fully reviewed the submissions of the parties and considers the same without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth below, Plaintiffs' Motion is hereby GRANTED.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

By way of background, on September 9, 2022, Plaintiffs initiated this action by filing their Complaint against Defendant, asserting claims arising under, *inter alia*, Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132, 1145, ("ERISA") and

1

Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, ("LMRA"). (*See generally* Dkt. No. 1). In their Complaint, Plaintiffs allege that Defendant failed to remit certain contributions due and owing under the parties' Collective Bargaining Agreement ("CBA").[1] (*See* Dkt. No. 1). On November 7, 2022, Defendant filed its Answer to the Complaint, generally denying the allegations. (Dkt. No. 9).

On January 24, 2023, the Court held an initial scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure. (Dkt. No. 14). Pursuant to the Pretrial Scheduling Order entered after that conference, the parties' deadline for the filing of any motions for leave to amend was set for April 24, 2023. (Dkt. No. 14 at ¶ 5). On April 24, 2023, Plaintiffs filed the instant Motion. (Dkt. No. 15). Through the Motion, Plaintiffs seek to amend their Complaint to allege that Defendant underreported the number of covered hours worked by its employees on various projects within the Union's work jurisdiction. (*See* Dkt. No. 15-2). Plaintiffs argue that good cause under the Federal Rules of Civil Procedure exist to permit the amendment because the proposed new claim was unanticipated and would not unduly prejudice Defendant, given the stage of proceedings in this matter. (*See generally* Dkt. No. 15-1).

On May 22, 2023, Defendant filed its opposition to the Motion, contending that the Court should deny the Motion because the proposed amendments would be futile. (Dkt. No. 19). More specifically, Defendant contends that the proposed new claim "sounds in fraud" and therefore must be pled with specificity, which the proposed amendments fail to do. (*See* Dkt. No. 19). On May 30, 2023, Plaintiffs replied to Defendant's opposition. (Dkt. No. 20). In reply, Plaintiffs argued that they need not meet the heightened pleading standard because their proposed amended claim does not sound in fraud. (Dkt. No. 20). Rather, Plaintiffs point out that their proposed amendments are

---

[1]  Plaintiffs characterize their original claims as arising from Defendant's alleged "monthly contribution delinquency" and "audit delinquency." (Dkt. No. 15-1 at pp. 4-5).

for alleged violations of ERISA's Section 515. (Dkt. No. 20 at p. 4). In the alternative, Plaintiffs request leave to further amend to cure any deficiency. (Dkt. No. 20 at p. 5).

## II.    LEGAL STANDARD

Plaintiffs seek leave to amend their Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Pursuant to Rule 15(a)(2), a party may amend its pleading upon the opposing party's written consent or with leave of Court. Fed. R. Civ. P. 15(a)(2). Courts will freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *in re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Nevertheless, the Court may, in its discretion, deny a motion for leave to amend in one of three instances: (1) the movant engaged in undue delay, bad faith, or dilatory motives; (2) the amendment would cause undue prejudice to the non-movant; or (3) amendment would be futile. *See, e.g., Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *BTG Int'l Ltd. v. Actavis Labs. FL, Inc.*, Civil No. 15-5909 (KM), 2017 WL 529446, at *2 (D.N.J. Feb. 8, 2017). Ultimately, the decision of whether to grant leave to amend lies within the sound discretion of the Court. *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

Notable here, an amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To determine if an amendment is "insufficient on its face," the Court applies the same standard as on a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "[I]f a claim is vulnerable to a dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Id.*

On a motion brought pursuant to Rule 12(b)(6), courts must "accept all well-pleaded

allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Factual allegations, however, must be sufficient "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) (discussing standard under *Iqbal* and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In addition, allegations of fraud must "be stated with particularity." Fed. R. Civ. P. 9(b); *in re Burlington Coat Factory*, 114 F.3d at 1417-18 ("Plaintiffs must accompany their legal theory with factual allegations that make their theoretically viable claim plausible.").

## III.   DISCUSSION

Here, Defendant opposes Plaintiffs' Motion because, it asserts, the proposed amendments would be futile, asking the Court to construe Plaintiffs' proposed new ERISA claim as sounding in fraud. (*See* Dkt. No. 19). Notably, however, Defendant offers no authority for its proposition that Plaintiffs' underreporting claim under ERISA sounds in fraud such that Plaintiffs must meet the heightened pleading standard under Rule 9 of the Federal Rules of Civil Procedure. (*See* Dkt. No. 19).[2] Furthermore, based on the nature of the futility analysis, even if Defendant offered such authority, its arguments on the instant Motion for Leave to Amend overlap significantly with arguments it can make in support of a motion to dismiss. Indeed, "[a] determination as to futility does not require a conclusive determination on the merits of a claim or defense; rather, the futility of an amendment may only serve as a basis for denial of leave to amend when the proposed

---

[2] Notably, courts have considered Rule 9's heightened pleading standard in the context of claims of breach of fiduciary duty arising under ERISA and have declined to dismiss such claims on that basis. *See, e.g., Concha v. London*, 62 F.3d 1493, 1503 (9th Cir. 1995) (holding that "Rule 9(b) is not applicable in cases in which the complaint alleges breaches of fiduciary duty under ERISA, and does not allege fraud or mistake"); *in re Ikon Office Solutions, Inc. Sec. Litig.*, 86 F. Supp. 2d 481, 488-89 (E.D. Pa. 2000) (finding that Rule 9(b) did not require dismissal of ERISA claim of breach of fiduciary duty even though some allegations of such breach asserted fraudulent conduct). Here, the proposed amended pleading does not assert a breach of fiduciary duty claim under ERISA.

amendment is frivolous or advances a claim that is legally insufficient on its face." *Pharm. Sales and Consulting Corp. v. J.W.S. Delavau Co.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000). Accordingly, exercising its discretion, the Court does not find that, on this Motion, the proposed amendments would be futile. The Court therefore GRANTS Plaintiffs' Motion for Leave to Amend.

## IV.    CONCLUSION

Having considered the submissions of the parties, and for the reasons set forth above,

**IT IS, THEREFORE**, on this **6th** day of **July 2023,**

**ORDERED** that Plaintiffs' Motion for Leave to Amend (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED** that Plaintiffs shall file their First Amended Complaint within seven (7) days of the entry of this Order; and it is further

**ORDERED** that Defendant shall file a response to the First Amended Complaint within fourteen (14) days of the filing of the First Amended Complaint; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the motion at Docket Entry Number 15.

**SO ORDERED.**

**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**